ANDREW R. HADEN
Acting United States Attorney
LOREN GAIL RENNER
Assistant U.S. Attorney
Illinois Bar No. 6311327
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8783
Loren.Renner@usdoj.gov

Attorneys for United States of America

FILED
Aug 21 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ briannasandoval DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BRANDON GARCIA,<br>Defendant. | Case No. 24-cr-02434-AGS-6<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Andrew R. Haden, Acting United States Attorney, and Loren G. Renner, Assistant United States Attorney, and Defendant BRANDON GARCIA ("Defendant" or "GARCIA"), with the advice and consent of Patrick Dudley, counsel for Defendant, as follows:

**I**

**THE PLEA**

A. THE CHARGE

Defendant agrees to plead guilty to count one of a two-count Superseding Information charging Defendant as follows:

Count 1

Beginning on a date unknown and at least continuing up to and including October 2023, within the Southern District of California, and elsewhere, defendant BRANDON GARCIA did

knowingly and intentionally conspire with others known and unknown to distribute 5 grams and more of methamphetamine (actual), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

B. TIMELINESS/OFFER REVOCATION

The disposition contemplated by this plea agreement is conditioned on (1) Defendant accepts the offer by either signing this agreement or agreeing that the Government can lodge it with the Court on or before **July 18, 2025**; and (2) Defendant's guilty plea being entered or tendered before the Court thereafter.

C. PRESERVATION OF EVIDENCE

In return for the concessions made by the Government herein, Defendant agrees further as follows:

1. Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12, other than motions seeking bail review); and

2. Upon acceptance of Defendant's guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to:

   a. Any cellular device(s);

   b. Any bulk narcotics;

   c. Any vehicle(s).

Upon acceptance of Defendant's guilty plea by the District Court, Defendant will not oppose any motion by the Government to move that the Court lift or revoke any preservation order.

D. FORFEITURE

The Defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which the Defendant agrees are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881. The Defendant further waives Defendant's

right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant waives and disclaims Defendant's interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

## II

## NATURE OF THE OFFENSES

### A. ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty in the Superseding Information has the following elements:

Count One
(Conspiracy to Distribute Methamphetamine)

1. There was an agreement between two or more persons to distribute Methamphetamine or some other federally controlled substance; and

2. Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

In addition to the elements above, for the purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that Count One involved at least 5 grams and more of methamphetamine (actual).

### B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. Beginning at a date unknown and continuing up to and including October 2023, within the Southern District of California and elsewhere, an agreement existed between Defendant and others to distribute 5 grams and more of methamphetamine (actual).

2. Defendant joined that agreement knowing that its purpose was to distribute over 5 grams of methamphetamine (actual), and intending to help accomplish that purpose.

3. Defendant committed the following overt acts, among others, within the Southern District of California, in furtherance of the conspiracy:

    a. Defendant GARCIA agreed with others to distribute kilogram quantities methamphetamine to recipients in Southern California, knowing that the recipients intended to distribute the methamphetamine to others.

    b. In the weeks leading up to October 2, 2023, Defendant GARCIA coordinated the distribution of kilogram quantities of methamphetamine with others, including, but not limited to, the distribution of approximately 29.64 kilograms of methamphetamine on October 2, 2023.

    c. On or about October 2, 2023, co-defendants Daniel Osvaldo CAMPOS Ramirez and Miguel David QUINTERO Ornelas unloaded methamphetamine from a vehicle parked in the Calexico, California area ("Load Vehicle." CAMPOS and QUINTERO drove to the Load Vehicle in a white Chevrolet Malibu bearing Mexican license plates. CAMPOS and QUINTERO exited the Malibu, opened the trunk of the Load Vehicle, unloaded several bags from the spare tire compartment of the Load Vehicle, placed the bags into the back seat of the Malibu, and departed.

    d. QUINTERO and CAMPOS drove the Malibu to the Calexico Border Parking lot located at 220 Cesar Chavez Boulevard in Calexico, California, and parked next to a brown sedan. QUINTERO and CAMPOS transferred the bags from the Malibu to the brown sedan and departed.

    e. At approximately 1:00 p.m., QUINTERO and CAMPOS drove to the parking lot of Twin City Seed and Feed, which overlooks the Calexico Border Parking, and watched as Defendant GARCIA arrived and unloaded

the bags containing methamphetamine from the brown sedan.

f. At approximately 1:08 p.m., Defendant GARCIA arrived at the Calexico Border Parking, walked to the brown sedan carrying an empty black plastic bag, filled the bag up with packages from the brown sedan, placed the bag in the trunk of a grey Toyota Camry bearing California license plates, and departed. Law enforcement subsequently conducted a traffic stop of GARCIA in the Camry, resulting in the seizure of approximately 29.64 kilograms of methamphetamine. DEA laboratory testing confirmed that a sample of the packages contained 2210.9 grams of methamphetamine (actual) at 99% purity

4. Defendant GARCIA further agrees that the conspiracy involved approximately 29.64 kilograms of methamphetamine (mixture); and that federally controlled substance and quantity fell (1) within the scope of defendant's agreement with his co-conspirators and (2) was reasonably foreseeable and in furtherance of the conspiracy.

## III

## PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A. a maximum of 40 years in prison and a mandatory minimum of 5 years in prison;

B. a maximum $5,000,000 fine;

C. a mandatory special assessment of $100 per count;

D. a term of supervised release of at least 4 years up to life. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release; and

E. forfeiture of all property, real and personal, constituting and derived from proceeds of the offense and all property used and intended to be used to commit or to facilitate the commission of the offense; and

F. possible ineligibility for certain Federal benefits.

Def. Initials BG

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because Defendant is not a citizen of the United States, Defendant's conviction in this case make it practically inevitable and a virtual certainty that Defendant will be removed or deported from the United States. Defendant also may be denied United States citizenship and admission to the United States in the future.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be

required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will

bring this plea agreement to the attention of other authorities if requested by Defendant.

**VIII**

**APPLICABILITY OF SENTENCING GUIDELINES**

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

**IX**

**SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not

binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2D1.1(c)(8)] | 38* |
| 2. | Safety Valve (if applicable) [§§ 2D1.1(b)(18) and 5C1.2] | -2** |
| 3. | Acceptance of Responsibility [§ 3E1.1] | -3 |
| 4. | Appellate Waiver/Early Resolution [§ 5K2.0] | -3*** |

*The parties agrees to recommend a Base Offense Level of 38, which is consistent with the chemical analysis as listed on the results of the laboratory testing of the controlled substances. A sample of the controlled substances was tested and resulted in a finding of 2210.9 grams of methamphetamine (actual) at 99% purity. The parties agree that the BOL will be determined based on the gross weight of the controlled substances as determined at the time of defendant's arrest (29.64 kilograms of metheamphetamine mixture) minus a 10% reduction in the overall weight to reflect a reduction in the weight for packaging and other considerations, which results in 26.67 kilograms of methamphetamine (actual) and a base offense level of 38. If Defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG

§ 4B1.1(b). Furthermore, Defendant will be ineligible for any role reduction.

**If Defendant meets the requirements for Safety Valve as provided under USSG §§ 2D1.1(b)(18) and 5C1.2, the United States will recommend a two-level reduction of the guidelines. If Defendant fails to participate in an in-person debrief upon request, the United States may argue to the Court that Defendant should not qualify for a Safety Valve reduction.

***The Government agrees to recommend a two-level reduction for Combination of Circumstances under § 5K2.0 for (1) Defendant's acceptance of responsibility by pleading guilty before filing or arguing any substantive motions (not including standard discovery motions subject to Brady and Rule 16), and (2) the appellate waiver set forth in Section XI below. However, the Government reserves the right to reduce its recommended departure if Defendant does not proceed to sentencing on the first date set by the Court, unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

B. <u>ACCEPTANCE OF RESPONSIBILITY</u>

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend the greater of: a sentence within the advisory guideline range as calculated by the Government, or the mandatory minimum sentence, if applicable.

G. SPECIAL ASSESSMENT AND FINE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or

cashier's check or money order made payable to the "Clerk, United States District Court."

2. Fine

The United States will recommend that a fine not be imposed.

H. SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

**XI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel.

**XII**

**BREACH OF THE PLEA AGREEMENT**

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made

to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea.

Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

**XIII**

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

//

//

//

## XIV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

Respectfully submitted,

ANDREW R. HADEN
United States Attorney

4/8/25
DATED

LOREN G. RENNER
Assistant U.S. Attorney

7/9/25
DATED

PATRICK DUDLEY
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

07/09/25
DATED

BRANDON GARCIA
Defendant